IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CARL ELMON HUNT, # 832307,<br>　　　　Petitioner, | §<br>§<br>§ |
| v. | §　　CIVIL NO. 3:15-CV-3611-L-BK |
| | § |
| WILLIAM STEPHENS, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Div.,<br>　　　　Respondent. | §<br>§<br>§<br>§ |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* habeas corpus action under 28 U.S.C. § 2254 was automatically referred to the United States Magistrate Judge. For the reasons that follow, the petition should be dismissed without prejudice for want of jurisdiction.

On November 9, 2015, Petitioner filed this habeas corpus petition challenging his 1987 conviction for unlawful possession of a controlled substance in Cause No. F87-87937, Dallas, County, Texas, for which he was sentenced to five years' imprisonment. Doc. 3 at 2. However, in response to the Court's questionnaire, Petitioner concedes that he is no longer in custody on that conviction, having discharged the sentence in June 1996, and is presently incarcerated on charges unrelated to the one he challenges here. Doc. 7 at 1-2.

Because Petitioner is not currently in custody pursuant to the judgment of the state court in Cause No. F87-87937, this Court lacks jurisdiction to consider his habeas petition. *See* 28 U.S.C. § 2254(a) (a federal court has jurisdiction to consider a writ of habeas corpus "in behalf of a person *in custody* pursuant to the judgment of a State court only on the ground that he is *in*

*custody* in violation of the Constitution or laws or treaties of the United States.") (emphasis added); *see also Maleng v. Cook,* 490 U.S. 488, 490 (1989).

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction.

SIGNED January 19, 2016.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); F<small>ED</small>. R. C<small>IV</small>. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE