IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **CARL ELMON HUNT, 832307,** | § | |
| | § | |
| Petitioner, | § | |
| v. | § | Civil Action No. **3:15-CV-3611-L** |
| | § | |
| **WILLIAM STEPHENS, Director**, | § | |
| **Texas Department of Criminal Justice**, | § | |
| **Correctional Institutions Division**, | § | |
| | § | |
| Respondent. | § | |

# ORDER

This case was referred to Magistrate Judge Renée Harris Toliver, who entered Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") on January 19, 2016, recommending that the court deny Petitioner Carl Elmon Hunt's ("Petitioner") Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in Custody (Doc. 3) and dismiss this action without prejudice for lack of jurisdiction. Petitioner filed objections to the Report, which were docketed on February 9, 2016. (Doc. 10).

On November 9, 2015, Petitioner filed this habeas corpus action challenging his 1987 conviction for unlawful possession of a controlled substance in Cause No. F87-87937, Dallas, County, Texas, for which he was sentenced to five years' imprisonment. Habeas Pet. 2. In response to the magistrate judge's questionnaire, Petitioner conceded that he was no longer in custody on that conviction, having discharged the sentence in June 1996. Pl.'s Resp. to Questionnaire 1-2. Based on this information, the magistrate judge recommended that the federal habeas petition be dismissed without prejudice for want of jurisdiction because Petitioner was not currently in custody pursuant to the judgment of the state court in Cause No. F87-87937. *See* 28 U.S.C. § 2254(a) (A federal court

has jurisdiction to consider a writ of habeas corpus "in behalf of a person *in custody* pursuant to the judgment of a State court only on the ground that he is *in custody* in violation of the Constitution or laws or treaties of the United States.") (emphasis added); *see also Maleng v. Cook*, 490 U.S. 488, 490 (1989).

Petitioner now asserts in his objections that his conviction in Dallas County Cause No. F87-87937 was used to enhance his current 99-year state sentence in *State v. Hunt*, Cause No. 97-F-199 (Cass County, Texas, Apr. 29, 1998), and that, consequently, the "in custody" requirement for federal habeas jurisdiction is satisfied in this case. Objections 3. Petitioner correctly states the law. In *Maleng*, 490 U.S. at 493-494, and *Lackawanna County District Attorney v. Coss*, 532 U.S. 394, 401-402 (2001), the Supreme Court acknowledged that, because a section 2254 petition could be construed as asserting a challenge on a current sentence enhanced by an allegedly invalid prior conviction, a petitioner could satisfy the "in custody" requirement for federal habeas jurisdiction despite the full expiration of his prior sentence.

Petitioner's habeas petition in this case is nonetheless subject to dismissal as successive because he previously filed a section 2254 petition challenging his current sentence (in Cass County Cause No. 97-F-199). *See Dilworth v. Johnson*, 215 F.3d 497, 500 (5th Cir. 2000) (citing *Herbst v. Scott*, 42 F.3d 902, 905 (5th Cir. 1995) (noting that a pro se petitioner's attack on his expired Texas sentence can be construed as an attack on the Texas conviction for which he is currently incarcerated to find subject matter jurisdiction). Moreover, Petitioner has yet to obtain leave to file a successive application from the United States Court of Appeals for the Fifth Circuit to raise the claims that he asserts in this action. *See Hunt v. Director*, No. 2:00-CV-237 (E.D. Tex., Marshal Div., 2001) (denying habeas relief), *certificate of appealability denied*, No. 02-40802 (5th Cir.

2003); *Hunt v. Director*, No. 2:04-cv-318 (E.D. Tex., Marshal Div., 2005) (dismissing successive habeas petition); *In re Hunt*, No. 07-40656 (5th Cir. 2007) (denying leave to file a successive application); *In re Hunt*, No. 13-40698 (5th Cir. 2013) (same).  Thus, this court lacks jurisdiction to consider the federal petition construed as a challenge to his current sentence.  *See* 28 U.S.C. § 2244(b)(3)(A) (stating that before a petitioner may file a successive application in the district court, a three-judge panel of the United States Court of Appeals must determine whether the applicant makes the requisite prima facie showing); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003) (holding that section 2244(b)(3)(A) constitutes a bar to the district court's jurisdiction to consider a successive habeas petition unless the United States Court of Appeals for the Fifth Circuit has granted the petitioner permission to file such a petition).

Accordingly, after carefully reviewing the pleadings, file, objections, record in this case, and Report, and having conducting a de novo review of that portion of the Report to which objection was made, the court determines that the findings and conclusions of the magistrate judge **are moot** in light of the court's resolution of the new issues raised in Petitioner's objections, **overrules** Petitioner's objections, **directs** the clerk of the court to **transfer** the habeas petition in this case to the Fifth Circuit for determination, and **dismisses without prejudice** this action for lack of subject matter jurisdiction.

**It is so ordered** this 29th day of February, 2016.

*[signature]*
Sam A. Lindsay
United States District Judge